IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHAUN AUSTIN,  :
    Petitioner,  :
      :
    v.  :    CIVIL ACTION NO. 20-CV-5497
      :
JOHN MORGANELLI,  :
    Respondent.  :

## MEMORANDUM

**MCHUGH, J.**                                                                                                 July 30, 2021

      Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief based on the allegation that the affidavit of probable cause for his arrest was fabricated. In so arguing, petitioner acknowledges that he is not challenging his custody on those charges, because the charges were *nolle prossed*. Because the petition is legally insufficient on its face, this matter is summarily dismissed.

## Background

      Petitioner is seeking to challenge his arrest on charges of interference with custody of children (CP-48-CR-0002006-2008). On January 13, 2010, the case was *nolle prossed*. Petitioner acknowledges that he is not in custody as a result of these charges. (Petition, ECF No. 2 at 2).

      In 2008, Northampton County charged petitioner in three different matters. The first case, which he challenges here, was a single charge of interference with custody of children. The charges were dismissed with prejudice on February 15, 2013.

      In a second matter, petitioner was charged with rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a person less than sixteen, and reckless

endangerment (CP-48-CR-0002006-2008).  On December 2, 2009, he was found guilty of these charges and, on March 18, 2010, he was sentenced to an aggregate term of fifteen to forty years.

In a third matter, petitioner was charged on 132 counts relating to the possession of child pornography (CP-48-CR-0002008-2008).  On September 18, 2009, he was convicted on ninety-six counts.  On December 22, 2009, he was initially sentenced to 72 – 192 years' imprisonment.  The sentence was reversed on direct appeal.  On January 13, 2012, he was resentenced to 35 – 70 years imprisonment.

In 2017, Petitioner filed a petition for writ of habeas corpus challenging all three of these matters.  (*Austin v. Ferguson, et al.*, Civil Action No. 17-0981).  The petition contained several claims, including a challenge to evidence that was admitted during one of his trials relating an allegedly unlawful arrest for interference with the custody of a minor.  This Court rejected petitioner's challenges to his two convictions on time-bar grounds.  This Court also rejected petitioner's challenge to the *nolle prossed* charges set forth here, noting that the Court lacked jurisdiction to consider the challenge because Petitioner was not "in custody" as to that matter.  (Civil Action No. 17-0981, Report and Recommendation at 8).

**Discussion**

The habeas rules specify that this Court is required to conduct an initial review of all habeas petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases.  Where this Court concludes that the petition is "legally insufficient on its face" district court is authorized to summarily dismiss the matter.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Martinez v. O'Neill*, Civ. A. No. 20-20234, 2021 WL 1326968, at *1 (D.N.J. Apr. 9,

2021).  *See also* 28 U.S.C. § 2243 (providing for summarily dismissal when "it appears from the application" that no relief is due).

The power to grant the writ is limited by statute.  "The writ of habeas corpus shall not extend to a prisoner unless… [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  This Court's jurisdiction is, therefore, limited to petitions where the petitioner is "in custody" and is alleging that custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

In the present petition, petitioner is not challenging his custody pursuant to a criminal judgment of sentence.  He concedes as much.  He argues instead that this Court should review his arrest, so that he might use the Court's conclusion to challenge the evidence admitted during his two criminal trials.  But habeas jurisdiction is limited to challenges to a petitioner's custody.  Here petitioner is challenging the *nolle prossed* charges.  Since petitioner is not in custody on those charges, an error in those proceedings cannot give rise to a cognizable habeas claim.

Even petitioner could demonstrate that this is a challenge to his custody, this Court would lack jurisdiction because this is an improperly filed successive petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner challenged all three of his convictions in the habeas petition he filed in 2017.  (*Austin v. Ferguson, et al.*, Civil Action No. 17-0981).  Accordingly, this Court does not have jurisdiction to review this renewed challenge to petitioner's *nolle prossed* charges.  *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district court judge is required to make a determination as to whether a certificate of appealability

("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would find it to be debatable whether the petition states a valid claim for the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, for the reasons set forth above, we do not believe that a reasonable jurist could debate the Court's conclusion. There is no basis to grant a COA.

    An appropriate Order follows.

                                                  /s/ Gerald Austin McHugh
                                                 United States District Judge